Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL MURPHY, | ) | Case No. '10CV 1341  BTM POR |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION |
| | ) | OF FEDERAL FAIR DEBT |
| vs. | ) | COLLECTION PRACTICES ACT |
| | ) | AND ROSENTHAL FAIR DEBT |
| ZWICKER & ASSOCIATES, P.C., | ) | COLLECTION PRACTICES ACT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Michael Murphy ("Plaintiff"), is a natural person residing in San Diego county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Zwicker & Associates, P.C. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. In March 18, 2010 Defendant began contacting Plaintiff in connection with an attempt to collect an alleged outstanding debt.

6. On at least one occasion, Defendant contacted Plaintiff at a phone number associated with his work in connection with an attempt to collect an alleged outstanding debt.

7. On at least one occasion, Defendant said or implied that non-payment of the alleged outstanding debt would result in legal action against Plaintiff.

8. Defendant attempted to contact Plaintiff to collected an alleged outstanding debt on several days, including but not limited to: March 18, 2010 at 10:14 a.m.; March 18, 2010 at 10:15 a.m.; March 20, 2010; March 22, 2010 at 2:31 p.m.; March 23, 2010 at 8:34 a.m.; March 23, 2010 at 12:00 p.m.; March 25, 2010 at 8:26 a.m.; March 29, 2010 at 8:25 a.m.; and March 29, 2010 at 1:47 p.m..

9. On or about March 29, 2010, Plaintiff spoke to Stacey Oberst, employee of Defendant, inquiring about the numerous calls he received from Defendant in connection with an attempt to collect an alleged debt. Ms. Oberst informed Plaintiff about an alleged outstanding debt and attempted to set up a payment arrangement for Plaintiff. Furthermore, Ms. Oberst informed Plaintiff that a collection letter was sent to an address, not that of Plaintiff, on or about March 6, 2010. Ms. Oberst updated the correct mailing address and informed Plaintiff that she would send out a new collection letter. Plaintiff further requested that Defendant contact him no earlier than the 19th of April to discuss a possible payment plan due to his current financial hardship.

10. Despite Plaintiff's request for Defendant to cease calls until at least the 19th of April, Defendant contacted Plaintiff in connection with the an alleged

outstanding debt, including but not limited to: April 1, 2010 at 2:23 p.m.; April 1, 2010 at 5:52 p.m.; April 1, 2010 at 6:46 p.m.; April 5, 2010 at 9:06 a.m.; April 5, 210 at 9:07 a.m.; April 6, 2010 at 10:01 a.m.; April 6, 2010 at 12:21 p.m.; April 7, 2010 at 10:39 a.m.; April 7, 2010 at 10:40 a.m.; April 8 at 2:24 p.m.; and April 8, 2010 at 2:25 p.m..

11. On or about April 9, 2010, Plaintiff attempted to contact Ms. Oberst, an employee of Defendant. Ms. Oberst was unavailable so Plaintiff left a message with David, an employee of Defendant.

12. On or about April 12, 2010, Plaintiff attempted to contact Ms. Oberst, an employee of Defendant. Ms. Oberst was again, unavailable and Plaintiff was transferred to Josh, an employee of Defendant. Josh informed Plaintiff that the letter was mailed out on April 10, 2010. Plaintiff informed Josh of his request of March 29, 2010 to cease and desist calls until April 19, 2010 and the numerous calls he received despite his request. Plaintiff once against requested that Defendant cease contact until April 19, 2010.

13. On or about April 16, 2010 Plaintiff received the letter, which Josh, employee of Defendant, informed him was sent out on April 10, 2010. According to the letter, which is dated April 11, 2010 and electronically stamped April 14, 2010, non-payment of the alleged debt would result in further legal action against Plaintiff.

14. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j));
b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));
c) Overshadowing the disclosures required by 15 USC §1692g(a) during the thirty-day dispute period (§1692g(b));
d) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));
e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));
f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));
g) Falsely representing or implying that nonpayment of Plaintiffs' debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4)); and
h) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken(§1692e(5)).

15. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 23rd day of June, 2010.

By: _____
**TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)


FILED ORIGINAL
JUN 24 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### I. (a) PLAINTIFFS
MICHAEL MURPHY

### DEFENDANTS
ZWICKER & ASSOCIATES

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415, Beverly Hills, CA 90211

Attorneys (If Known)
'10 CV 1341 BTM POR

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692
Brief description of cause:
Violation of the Fair Debt Collection Practices Act

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/23/0210
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 14952 AMOUNT $350 6/24/10 BH APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014952
Cashier ID: bhartman
Transaction Date: 06/24/2010
Payer Name: TODD M FRIEDMAN LAW OFFICE
---------------------------------
CIVIL FILING FEE
 For: MURPHY V ZWICKER AND ASSOC
 Case/Party: D-CAS-3-10-CV-001341-001
 Amount:        $350.00
---------------------------------
CHECK
 Check/Money Order Num: 2312
 Amt Tendered: $350.00
---------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```